## STATE ex BOARD OF EDUCATION v FOSTER

Ohio Appeals, 6th Dist, Lucas Co

Decided Dec 7, 1936

Martin S. Dodd, Director of Law, Toledo, for relator.

W. G. Christensen, Toledo, for defendant.

## OPINION

By TAYLOR, J.

The relator, the Board of Education of the City School District of Toledo, Ohio, filed its petition for a writ of mandamus in this court against the defendant, May P. Foster, clerk of the board of education, and alleged as follows:

That the defendant is the duly qualified and acting clerk of the board of education, and by virtue of her office is the fiscal officer of the board; that in the year 1920, at a special election held in the city of Toledo, the board was duly authorized to issue bonds in the amount of $11,000,000 for the purpose of purchasing sites, erecting school houses, enlarging, repairing and furnishing school houses, and purchasing real estate for playgrounds for children; that from time to time the relator issued and sold all of the bonds so authorized, excepting a sum amounting to $280,000; and that on or about November 23, 1936, relator duly passed a resolution in pursuance of the authority so granted by such special election, authorizing the issuance of bonds in the sum of $280,000 for the purpose of erecting a fireproof school house.

Relator then alleges that a duty is imposed by law upon the defendant, May P. Foster, especially under the provisions of §2293-25, GC, as the fiscal officer of relator, to certify a copy of such resolution to the auditor of Lucas County, but that the defendant as such fiscal officer refuses so to do, on the ground that such resolution is null and void and was passed without legal authority.

The defendant answered, admitting the facts alleged in the petition, and then presented the following defense and answer:

"This defendant by way of defense says that the last bonds issued under the authority of the 1920 election were issued on June 1st, 1928, and that by reason of the long lapse of time since such date of June 1st, 1928, the relator, board of education, is without authority to issue bonds at this time; this defendant further says that all laws covering the issuance of bonds in 1920 have been repealed and that, under existing law, the board of education is without authority to issue the bonds under the election of 1920."

The defense is the simple proposition that by reason of the lapse of eight years since the issuance of the last bonds under this general authority given by the electors of the city of Toledo in 1920, such authority has become stale and has lapsed. Such a defense is purely equitable in its nature, being a claim of laches.

The clear duty of the defendant is that she must obey all orders of the board which are not in violation of law. Hers is purely a ministerial act. In State ex Trauger v Nash, 66 Oh St 612, 618, 64 NE 558, the court adopted the following definition of a ministerial act:

" 'A ministerial act may, perhaps, be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done'."

This was approved and followed in State ex Watkins v Donahey, 110 Oh St 494, 500, 144 NE 125.

That definition exactly fits the instant case. The defendant had no right to refuse to perform the duty imposed upon her by the following part of §2293-25, GC:

"A copy of such resolution or ordinance shall be certified by the fiscal officer of the subdivision to the county auditor of the county in which such subdivision is located."

She could not substitute her judgment as to the propriety of the issuing of these bonds for that of the relator board of education. See State ex Riley v Blain, 36 Oh St 429; and, particularly, the following from the concurring opinion of Chief Justice Boynton at page 433:

"He (the clerk) cannot go back of the certificate of the local directors, and inquire into the validity of the contract under which the services were performed."

It follows that the defendant can not, as an employee of the relator, make the defense interposed against the duty imposed upon her by law and the order of the relator board, and therefore the writ of mandamus must issue as prayed for in the petition.

Writ allowed.

LLOYD and CARPENTER, JJ, concur.